BOWMAN AND BROOKE LLP
Brian Takahashi (SBN: 146505)
970 West 190th Street, Suite 700
Torrance, California 90502
Tel No: 310/ 768-3068
Fax No: 310/ 719-1019

BOWMAN AND BROOKE LLP
Michael J. Hurvitz (SBN: 249050)
Patrick J. Raue (SBN: 293004)
750 B. Street, Suite 2200
San Diego, CA 92101
Tel No: 619/ 376-2500
Fax No: 619/ 376-2501

Attorneys for Defendant
JAGUAR LAND ROVER NORTH AMERICA, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELINDA YOUSIF,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC, and DOES 1 through 10, inclusive,<br><br>　　　　　　Defendants. | **CASE NO.: 3:21-cv-1232-L-BGS**<br><br>**(Removed from San Diego County Superior Court Case No. 37-2021-00024199-CU-BC-CTL)**<br><br>Judge:　　　 *Hon. M. James Lorenz*<br>Magistrate: *Hon. Bernard G. Skomal*<br><br>**ANSWER OF DEFENDANT JAGUAR LAND ROVER NORTH AMERICA, LLC TO PLAINTIFF' COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Action Filed:　July 7, 2021<br>Trial:　　　　None |

Defendant Jaguar Land Rover North America, LLC ("JLRNA") answers Plaintiff Melinda Yousif ("Plaintiff") unverified Complaint on file herein as follows:

/ / /

/ / /

/ / /

1. In response to Paragraph 1, JLRNA admits that for the purposes of plaintiff's complaint, the word, "Plaintiff" shall refer to Melinda Yousif.

2. In response to Paragraph 2, JLRNA is without sufficient information to admit or deny the allegations contained therein.

3. In response to Paragraph 3, JLRNA admits that for the purposes of the Complaint, the word "Defendant" refers to all Defendants in the case.

4. In response to Paragraph 4, JLRNA admits that it is a limited liability company authorized to do business in California and a distributor of Jaguar Land Rover vehicles, but denies the remaining allegations contained therein. JLRNA denies the remaining allegations contained therein.

5. In response to Paragraph 5, JLRNA is without sufficient information to admit or deny the allegations contained therein.

6. In response to Paragraph 6, JLRNA is without sufficient information to admit or deny the allegations contained therein.

7. In response to Paragraph 7, JLRNA is without sufficient information to admit or deny the allegations contained therein.

8. In response to Paragraph 8, JLRNA is without sufficient information that the subject vehicle was purchased on May 20, 2019, or that it was purchased or used primarily for personal, family, or household purposes, or that it was purchased from a person or entity engaged in the business of manufacturing, distributing or selling consumer goods at retail. JLRNA admits that it distributed the Subject Vehicle.

9. In response to Paragraph 9, JLRNA admits the vehicle was accompanied by an express written limited warranty issued by JLRNA when it was distributed new.

10. In response to Paragraph 10, JLRNA denies the allegations contained therein.

11. In response to Paragraph 11, JLRNA denies the allegations contained therein.

12. In response to Paragraph 12, JLRNA denies the allegations contained therein.

13. In response to Paragraph 13, JLRNA is without sufficient information to admit or deny the allegations contained therein.

14. In response to Paragraph 14, JLRNA admits the allegations contained therein.

15. In response to Paragraph 15, JLRNA is without sufficient information to admit or deny the allegations contained therein.

16. In response to Paragraph 16, JLRNA is without sufficient information to admit or deny the allegations contained therein.

17. In response to Paragraph 17, JLRNA denies the allegations contained therein.

18. In response to Paragraph 18, JLRNA denies the allegations contained therein.

19. In response to Paragraph 19, JLRNA denies the allegations contained therein.

20. In response to Paragraph 20, JLRNA denies the allegations contained therein.

21. In response to Paragraph 21, JLRNA denies the allegations contained therein.

22. In response to Paragraph 22, JLRNA denies the allegations contained therein.

23. In response to Paragraph 23, JLRNA denies the allegations contained therein.

24. In response to Paragraph 24, JLRNA denies the allegations contained therein.

25. In response to the Prayer for Relief, JLRNA denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State Cause of Action)**

26. Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against JLRNA.

### SECOND AFFIRMATIVE DEFENSE

**(Duration of Implied Warranty – Used Vehicle)**

27. The implied warranty duration is three months. Civil Code Section 1795.5(c).

### THIRD AFFIRMATIVE DEFENSE

**(No Timely Revocation of Acceptance)**

28. Assuming an implied warranty obligation from JLRNA, Plaintiff has no rescission or restitution remedy because there was no timely revocation of acceptance following any alleged breach of the implied warranty.

### FOURTH AFFIRMATIVE DEFENSE

**(Failure to Comply with Civil Code Section 1794(e)(3))**

29. JLRNA is informed and believes, and on that basis alleges, that Plaintiff has failed to provide written notice under Civil Code Section 1794, subdivision (e)(3), and therefore, Plaintiff's civil penalty claim is barred.

/ / /

/ / /

/ / /

/ / /

## FIFTH AFFIRMATIVE DEFENSE

### (Unreasonable or Unauthorized Use)

30. JLRNA is informed and believes some of Plaintiff's concerns may have been caused by unreasonable or unauthorized use. Civil Code Section 1794.3.

## SIXTH AFFIRMATIVE DEFENSE

### (Misuse, Abuse, Improper Maintenance, or Other Exclusion)

31. JLRNA is informed and believes, and on that basis alleges, that Plaintiff and/or others misused, abused and improperly cared for and maintained the Subject Vehicle, therefore, some or all of Plaintiff's nonconformities were or should have been excluded from coverage. Specifically, JLRNA alleges that after appropriate discovery, one or more of the stated specific warranty exclusions may be applicable.

## SEVENTH AFFIRMATIVE DEFENSE

### (Improper Forum; Failure to Arbitrate)

32. JLRNA is informed and believes, and on that basis alleges, that this claim has been filed in an improper forum. Plaintiff agreed to arbitrate this dispute when she signed the sales contract with Cole European.

## EIGHTH AFFIRMATIVE DEFENSE

### (Third Party Resolution)

33. JLRNA maintains a qualified third-party dispute resolution process, consequently, Plaintiff has no claim for civil penalty for failure to maintain a qualified third-party dispute resolution program. Suman v. BMW of North America, Inc (1994) 23 Cal. App. 4th 1.

/ / /

/ / /

/ / /

## NINTH AFFIRMATIVE DEFENSE

### (Magnuson Moss – No Prior Dispute Resolution)

34. JLRNA is informed and believes, and on that basis alleges, that Plaintiff and/or the owner of the Subject Vehicle received timely notice of the availability of a third party dispute resolution process, and that no effort was made to use such process. Accordingly, Plaintiff's Magnuson Moss claim is barred.

## TENTH AFFIRMATIVE DEFENSE

### (Magnuson Moss – No Reasonable Opportunity to Cure)

35. JLRNA is informed and believes and on that basis alleges that Plaintiff failed to provide it with a reasonable opportunity to cure any alleged defect as required by 15 U.S.C. §2310(e).

## ELEVENTH AFFIRMATIVE DEFENSE

### (Other Affirmative Defenses)

36. JLRNA alleges that it may have additional affirmative defenses available to it of which it is not now fully aware. JLRNA, reserves the right to assert affirmative defenses after the same shall have been ascertained.

DATED: July 14, 2021                     BOWMAN AND BROOKE LLP

BY:  /S/ Patrick J. Raue
     Brian Takahashi
     Michael J. Hurvitz
     Patrick J. Raue
     Attorneys for Defendant
     JAGUAR LAND ROVER NORTH
     AMERICA, LLC

## PROOF OF SERVICE
### F.R.C.P. Rule 5(b)(2)

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is 750 B Street, Suite 2200, San Diego, CA 92101 and my e-mail address is: tracy.lyon@bowmanandbrooke.com.

On July 14, 2021, I served the foregoing documents described as **ANSWER OF DEFENDANT JAGUAR LAND ROVER NORTH AMERICA, LLC TO PLAINTIFF' COMPLAINT; DEMAND FOR JURY TRIAL** on all interested parties in this action by enclosing ☒ **a true copy** ☐ the **original** of them in an envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ **BY PERSONAL SERVICE (F.R.C.P. Rule 5(b)(2)(A)):** I caused to be delivered such envelope by hand to the addressee.

☐ **BY MAIL (F.R.C.P. Rule 5(b)(2)(C)):** I served the documents by placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's business practice for collecting and processing documents for mailing. On the same day the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage date is more than 1 day after the date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT DELIVERY (F.R.C.P. Rule 5(b)(2)(C)):** I sealed such documents in separate envelopes to each addressee and deposited each for collection by mailing via overnight mail/next day delivery in a box or other facility regularly maintained by the U.S. Postal Service or an Express Service carrier, or delivered to an authorized carrier or driver authorized by the U.S. Postal Service or an Express service carrier to receive documents, with delivery fees paid or provided.

☒ **BY ELECTRONIC SERVICE (F.R.C.P. Rule 5(b)(2)(E)):** Based on an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the person(s) at the electronic notification listed on the Service/Mailing List.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 14, 2021, at San Diego, California.

_____
Christine Jordan

# SERVICE/MAILING LIST

### Melinda Yousif v. Jaguar Land Rover North America, LLC, et al.
San Diego Superior Court Case No: 37-2021-00024199-CU-BC-CTL

| | |
|---|---|
| Tionna Dolin, Esq.<br>STRATEGIC LEGAL PRACTICES, APC<br>1840 Century Park East<br>Suite 430<br>Los Angeles, CA  90067 | **Attorneys for Plaintiff**<br><br>Tel:   310/ 929-4900<br>Fax:  310/ 943-3838<br>Email: tdolin@slpattorney.com<br>emailservices@slpattorney.com |