UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELINDA YOUSIF,<br><br>                              Plaintiff,<br><br>v.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC,<br><br>                              Defendant. | Case No.:  21-cv-1232-L-BGS<br><br>**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

Pursuant to Local Rule 16.1(d), a Case Management Conference was held on <u>**September 29, 2021**</u>.  After consulting with the counsel of record for the parties, being advised of the status of the case, and for good cause shown, **IT IS HEREBY ORDERED**:

   1.   The parties must review and familiarize themselves with the Civil Local Rules of this District ("Local Rules"), the Electronic Case Filing Administrative Policies and Procedures ("CM/ECF Manual"), the Standing Order for Civil Cases issued by the Honorable M. James Lorenz ("Standing Order"), and the undersigned Magistrate Judge's Chambers Rules ("Chambers Rules"), all of which are posted on this District's website.
/ / /

**Pleadings**

2. Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed no later than **October 29, 2021**.

**Discovery**

3. All fact discovery shall be completed by all parties no later than **January 28, 2022**. "Completed" means that all discovery under Rules 30-36, and discovery subpoenas under Rule 45,[1] must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).** Counsel shall make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall follow the procedures outlined in the assigned magistrate judge's Chambers Rules to timely raise the dispute. **A failure to comply in this regard will result in waiver. Absent an order of the court, no stipulation to alter or extend the time to comply with this provision will be recognized by the court.**

4. Discovery limits in the Federal Rules of Civil Procedure and Civil Local Rules, including Federal Rule of Civil Procedure 33(a)(1), Civil Local Rules 33.1.a, and 36.1.a shall apply. Absent prior leave of Court to exceed these limits, the Court will not consider any discovery dispute arising from discovery requests in excess of these limits.

5. No later than **February 28, 2022**, the parties shall designate their respective experts in writing. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be no later than **March 14, 2022**. The written designations shall include the name, address and telephone number of each expert and a reasonable summary of the

---

[1] All references to "Rule" are to the Federal Rules of Civil Procedure.

testimony the expert is expected to provide.  The list shall also include the normal rates the expert charges for deposition and trial testimony.

6. No later than **April 14, 2022**, each party shall comply with Rule 26(a)(2)(A) and (B) disclosure provisions.  This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as a party's employee regularly involve giving expert testimony.  **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use the undisclosed evidence or testimony at any hearing or at trial.  In addition, the court may impose sanctions as permitted by Rule 37(c).**

7. No later than **April 28, 2022**, the parties shall supplement their disclosures regarding contradictory or rebuttal evidence under Rule 26(a)(2)(D).

8. All expert discovery shall be completed by all parties no later than **May 27, 2022**.  The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

9. Failure to comply with this section or any other discovery order of the court may result in Rule 37 sanctions, including preclusion of expert or other designated evidence.

## Motion Briefing

10. Except for motions *in limine*, all pretrial motions must be filed no later than **June 27, 2022**.  As provided herein and in the Standing Order, **certain motions, including motions for class certification, must be filed well before this date.**

11. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  The period of time between the date of requesting a motion date and the hearing date typically exceeds 30 days.  Failure to make a timely request for a motion date may result in the motion not being heard.

12. Motion briefing must comply with all applicable Rules, Local Rules, Standing Order, Chambers Rules and court orders.

## Mandatory Settlement Conference

13. A Mandatory Settlement Conference shall be conducted on **September 19, 2022** at **2:00 PM** in the chambers of **Magistrate Judge Bernard G. Skomal**. All parties, adjusters for insured defendants, and client representatives must be present and have full and complete authority to enter into a binding settlement at the MSC.[2] The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior. Parties seeking permission to be excused from attending the MSC in person must follow the procedures outlined in Judge Skomal's Chambers' Rules. Failure of any of the above parties to appear at the MSC without the Court's permission will be grounds for sanctions. The principal attorneys responsible for the litigation must also be present in person and prepared to discuss all of the **legal and factual** issues in the case.

14. Counsel or any party representing himself or herself shall submit confidential settlement briefs directly to chambers no later than **September 2, 2022**. The briefs must address the legal and factual issues in the case and should focus on issues most pertinent to settling the matter. Briefs do not need to be filed or served on opposing counsel. The briefs must also include any prior settlement offer or demand, as well as the offer or demand the party will make at the MSC. The Court will keep this information confidential unless the party authorizes the Court to share the information with opposing counsel. **MSC briefs must be emailed to efile_Skomal@casd.uscourts.gov**.

/ / /

---

[2] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Intl., Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). The person must be able to bind the party without the need to call others not present at the conference for authority or approval. The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. *Id.* at 486. A limited or a sum certain of authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590 (8th Cir. 2001).

**Final Pretrial Conference**

15. Memoranda of Contentions of Fact and Law are not required and will not be accepted.

16. No later than **September 30, 2022**, counsel shall comply with Rule 26(a)(3) pre-trial disclosure requirements. Failure to comply could result in evidence preclusion or other Rule 37 sanctions.

17. No later than **October 7, 2022**, counsel shall meet and take the action required by Local Rule 16.1(f)(4) with a view to enter into stipulations and agreements to simplify issues for trial. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to other parties' Rule 26(a)(3) pretrial disclosures. Counsel shall cooperate in the preparation of the proposed final pretrial conference order.

18. Counsel for plaintiff is responsible for preparing the proposed final pretrial conference order and arranging the meetings of counsel pursuant to Local Rule 16.1(f). No later than **October 17, 2022**, plaintiff's counsel must provide opposing counsel with the draft proposed final pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's counsel concerning any objections to form or content. Both sides shall attempt promptly to resolve their differences, if any, concerning the proposed order.

19. The proposed final pretrial conference order, including objections to Rule 26(a)(3) pretrial disclosures, shall be served and lodged with Judge Lorenz no later than **October 24, 2022**, and shall comply with Local Rule 16.1(f)(6).

20. The Final Pretrial Conference is scheduled on the calendar of the **Honorable M. James Lorenz** on **October 31, 2022** at **11:00 AM**. Trial briefs are not required for cases tried to the jury. Leave to file a trial brief for a jury trial must be obtained from Judge Lorenz at the Final Pretrial Conference.

/ / /

**Additional Provisions**

21. Upon parties' request, a post-trial settlement conference before a Magistrate Judge may be held within 30 days of verdict.

22. The dates and times set forth herein will not be modified except for good cause shown or on a showing of excusable neglect.  Fed. R. Civ. P. 6(b)(1).

23. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated:  October 4, 2021

Hon. Bernard G. Skomal
United States Magistrate Judge