

FILED

MAY 1 3 2024

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MELINDA YOUSIF,

    Plaintiff,

v.

JAGUAR LAND ROVER NORTH AMERICA, LLC; and DOES 1 through 10, inclusive,

    Defendants.

Case No.: 3:21-cv-01232-BEN-DTF

**ORDER ON PARTIES' TRIAL BRIEFS**

## I. BACKGROUND

Plaintiff brings a single claim under the Magnuson-Moss Warranty Act ("MMWA") against Jaguar Land Rover North America ("JLRNA") for breach of express and implied warranty. ECF No. 1-3, ("Compl."). On May 20, 2019, Plaintiff purchased a 2019 Land Rover Range Rover Velar (hereinafter, the "Vehicle"). *Id.* ¶ 8. Plaintiff purchased the Vehicle from a third-party retailer, Sam Jidd Luxury in De Plaines, Illinois. ECF No. 37 at 2. Plaintiff received an express written warranty for the Vehicle. Compl. ¶ 9. Between June 13, 2019 and November 9, 2021, Plaintiff brought the Vehicle in for repairs eight (8) times pursuant to the warranty for various electrical and mechanical issues. ECF No. 39 at 3-4. All of the repairs took place at Defendant's authorized repair facility, Land Rover San Diego. *Id.* at 2.

On March 27, 2023, Plaintiff Melinda Yousif and Defendant Jaguar Land Rover North America attended a Final Pretrial Conference. ECF No. 32. At the conference, parties discussed outstanding issues of law requiring resolution before trial, and the Court ordered the parties to brief these issues. *Id.* The briefing was completed in May 2023. *See* ECF Nos. 37-40, 42-46. The Court will outline its ruling on each of the briefed issues below.

## II. DISCUSSION

### A. Third Party Dispute Resolution

Defendant argues Plaintiff's MMWA claim is barred as a matter of law because Plaintiff did not engage in the informal dispute resolution process (the "BBB Auto Line") contained in the JLRNA warranty booklet. ECF No. 37. Plaintiff argues that the information contained in the booklet does not comply with the MMWA's requirement and is therefore not binding. ECF No. 39. The Court agrees with Plaintiff.

The MMWA provides if a warrantor establishes an informal dispute settlement procedure ("IDR") which meets the requirements of the Federal Trade Commission's ("FTC") rules and "he incorporates in a written warranty a requirement that the consumer resort to such procedure before pursuing any legal remedy under this section…then (i) the consumer may not commence a civil action…unless he initially resorts to such procedure." *Freas v. BMW of North America, LLC*, 320 F.Supp.3d 1126, 1133 (2018) (*quoting* 15 U.S.C. § 2310(a)(3)).

In order to meet the FTC's requirements, the warrantor must disclose "clearly and conspicuously *at least the following information* on the face of the written warranty[.]" *Freas*, 320 F.Supp.3d at 1133 (*quoting* 16 C.F.R. § 703(2)(b) (emphasis added). That information includes: (1) the availability of the IDR; (2) name and address of the IDR mechanism which consumers may use without charge; (3) a statement that the consumer is required to use the IDR before filing civil action; and (4) a statement indicating where further information can be found in accompanying materials. 16 C.F.R. § 703(2)(b). Further, "[i]f the warranty is included as part of a longer document, such as a use and

2

care manual, the phrase on the face of the warranty means the page in such document on which the warranty text begins." *Freas*, at 1134 (quoting 16 C.F.R. § 703.1(h)(2) (cleaned up).

In this case, the warranty booklet in question is titled "Passport to Service." ECF No. 39-3. Pages 29-30 of the booklet is titled "Customer Assistance[.]" *Id.* Page 30 contains the following paragraph under the sub-heading "Independent alternative dispute resolution programs":

> "JLRNA participates in two independent alternative dispute resolution programs. AUTOCAP (Automotive Consumer Action Program) and BBB Auto Line are national alternative dispute resolution programs, sponsored by the National Automobile Dealers Association and the Better Business Bureau, respectively. Consumers may contact AUTOCAP through their state's department of motor vehicles or BBB Auto Line through the Better Business Bureau. For details on BBB Auto Line, please refer to the Dispute Resolution Supplement."

*Id.* The dispute resolution supplement contains general information about BBB Auto Line on page 2, but does not include contact information, or that BBB Auto Line is required prior to pursuing civil remedies. ECF No. 44, Ex. B. Instead, this information is separated out by state. *Id.* Notice to Owners in the State of California appears on page 9 of the booklet. *Id.* The last paragraph of this page indicates the requirement to use the BBB Auto Line before asserting civil rights or remedies under California law or the MMWA. *Id.*

The principle outlined in *Freas* is controlling here. In *Freas,* the Court found that BMW's warranty booklet did not comply with the FTC's requirements because it failed to place the IDR information "on the face of the written warranty[.]" *Freas* at 1133. While BMW argued the Court in *Freas* should excuse technical noncompliance with the FTC requirements, the Court noted MMWA "expressly provides that a consumer is only required to pursue an [IDR] prior to filing suit if such procedure, and its implementation, meets the requirements of the FTC's rules." *Id.* at 1134 (*quoting* 15 U.S.C. § 2310(a)(3)(B) (cleaned up).

The Court concludes this separation of information across two booklets and three pages does not comport with the FTC's requirement that certain enumerated information about the IDR process appear "on the face" of the warranty. Defendant argues *Freas* is distinguishable because it discussed a warranty contained in a larger document, and therefore argues "on the face of the warranty" does not necessarily mean "on the page where the warranty text begins" for warranty-only booklets. ECF No. 37. While this may be true, this does not solve the problem with the warranty booklet in this case.

The FTC does allow *additional* information to be contained elsewhere in the booklet, the first three items of information are required, by statute, to appear "on the face of the warranty" in all instances. 16 C.F.R. § 703(2)(b). Here, only the name of the IDR mechanisms appears in the original warranty booklet used by JLRNA. Even in the dispute resolution supplement, the information for BBB Auto Line appears on pages 2 and 9, with page 2 containing none of the information required by the FTC. "Because Congress has conditioned the informal dispute settlement requirement on the warrantor's compliance with FTC rules, it would be inappropriate for the Court to excuse …failure to fully adhere to 16 C.F.R. § 703.2(b)." *Freas*, at 1134 (citing *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79 (2017)). Accordingly, the Court rules Plaintiff's MMWA claim is not barred by failure to pursue the IDR mechanism in the JLRNA warranty booklet.[1]

//

---

[1] Plaintiff argues Defendant waived its right to invoke the IDR requirement by failing to raise the issue in a pretrial motion. ECF No. 39. While it is a close call whether this failure rises to the level of an "intentional abandonment of a legal right", it is worth noting that the deadline for filing pre-trial motions had passed 273 days *before* the Defendant raised the issue. See ECF No. 9, Scheduling Order; *see also Groves v. Prickett*, 420 F.2d 1119, 1125 (9th Cir. 1970). However, the Court need not depend on the waiver issue for its ruling.

### B. Choice of Law

The parties are also at odds regarding which state law should be applied to Plaintiff's MMWA claim. *See* ECF Nos. 38, 40. Defendant argues that Illinois law should apply because that is where the vehicle was purchased. ECF No. 43 at 1-2. Plaintiff argues California law should apply because Plaintiff is a California resident, the Vehicle was used in, and all repairs under the warranty occurred in, California. ECF No. 40 at 3-5. The Court concludes that California law shall apply.

*Freas* is again instructive. While the MMWA "creates a private cause of action for a warrantor's failure to comply with the terms of a warranty[,]" the MMWA generally calls for the application of state written and implied warranty law for certain rights and remedies. *Freas*, at 1131 (*citing Milicevic v. Fletcher Jones Imports, Ltd.*, 402 F.3d 912, 918 (9th Cir. 2005)). Accordingly, "[f]ederal courts exercising jurisdiction under [MMWA] apply the forum-state's choice of law rules when selecting which state's warranty laws govern the plaintiff's claims." *Freas* at 1132 (citation omitted). Under California law, a claim for breach of express or implied warranty sounds in contract. *Id.* (citations omitted). "Under Civil Code § 1646, a contract is to be interpreted according to the law and usage of the place where it is to be performed; or, if it does not indicate a place of performance, according to the law and usage of the place where it is made." *Id.*

In *Freas*, the Court determined Nevada law applied because the plaintiff purchased and primarily serviced the vehicle in Nevada. *Id.* In this case, the vehicle was purchased in Illinois, but all relevant use and repairs under the warranty occurred in California. The Court concludes California law should apply. *See Scott v. Jayco, Inc.*, 443 F.Supp.3d 1143, 1146-50 (2020) (concluding under either California civil code test or restatement of conflict of laws test, California law applied to vehicle purchased in Iowa because all use and repairs took place in California, where plaintiff lived).

### C. Option of Remedies

Defendant next argues should California law apply, Plaintiff cannot pursue remedies through California's Song-Beverly Act ("SBA") because the Vehicle was

5

21-CV-01232-BEN-DTF

purchased outside of California. ECF No. 38 at 5-6. Plaintiff argues this is incorrect, and essentially the MMWA provides a right of action and only borrows the remedies from state laws. ECF No. 46 at 2-3. The Court agrees with Defendant.

Both parties cite to published, conflicting authority on this point. Plaintiff cites to *Romo v. FFG Ins. Co.*, which concluded that the MMWA "looked to state law for guidance on remedies" but not for the substantive cause of action. 397 F.Supp.2d 1237, 1241 (C.D. Cal. 2005). In *Romo*, the Court was determining whether SBA remedies could apply for the purpose of determining the amount in controversy under a jurisdictional inquiry. *Id.* Defendant, on the other hand, cites to *Scott v. Jayco*, which found that the MMWA "does not make applicable state law that would not otherwise apply." 443 F.Supp.3d at 1151. The Court in *Jayco* reviewed the *Romo* decision and criticized its application outside of the jurisdictional context, noting that *Romo* did not determine which states' law applied or whether the applicable state law was the SBA or the California Commercial Code. *Jayco*, at 1150.

The Court finds the reasoning outlined in *Jayco* more persuasive and applicable to the instant case than that in *Romo*. Accordingly, the Court determines Plaintiff is not entitled to pursue SBA remedies because the Vehicle was not purchased in California. Instead, plaintiff can pursue applicable remedies in California Commercial Code sections 2714-15.

D. Implied Warranty Claim

Finally, Defendant argues Plaintiff is barred from pursuing a claim for breach of implied warranty because vertical privity of contract is required for implied warranty claims under the California Commercial code. ECF No. 38 at 3-4 (*citing Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1024 (2008)). Plaintiff argues that this argument is inapposite because Plaintiff seeks remedies under the SBA, not the California Commercial Code. ECF No. 46 at 7-8. Plaintiff's complaint appears to seek any remedies included under both the SBA and the California Commercial Code. ECF No. 1-3 at 5.

The Court has determined that the California Commercial Code contains the applicable state law remedies available for Plaintiff. *Clemens* is clear that, under the applicable implied warranty provisions of the California Commercial Code, "an end consumer…who buys from a retailer is not in privity with a manufacturer[,]" and "California courts have painstakingly established the scope of the privity requirement under California Commercial Code section 2314, and a federal court sitting in diversity is not free to create new exceptions to it." *Clemens*, 534 F.3d at 1023-24 (citations omitted). Accordingly, Plaintiff would have no remedies under state law for an implied warranty claim through the MMWA.

### III. CONCLUSION

For the reasons set forth above, the Court makes the following rulings:

1. Plaintiff's MMWA claim is not foreclosed by a failure to engage in IDR process because the information in the JLRNA booklet does not comport with applicable FTC regulations required by the MMWA.

2. California law is the law applicable to Plaintiff's claim under the MMWA.

3. Plaintiff may not pursue remedies under the SBA, but instead under the California Commercial Code.

4. Plaintiff cannot pursue remedies for the breach of implied warranty claim because Plaintiff does not meet the vertical contractual privity requirements under the California Commercial Code.

Pursuant to Magistrate Judge Skomal's August 3, 2023 Order, parties are to contact the assigned Magistrate Judge (now Judge D. Thomas Ferraro) within three (3) days of the date of this order to schedule the mandatory settlement conference. *See* ECF Nos. 51, 53.

**IT IS SO ORDERED.**

Dated: May 13, 2024

HON. ROGER T. BENITEZ
United States District Judge